Curran, Dennis J., J.
INTRODUCTION
The Massachusetts Sex Offender Registry Board has ordered that the plaintiff, SORB #442364,[1] register as a Level 2 sex offender. The plaintiff has appealed his Level 2 classification, and moved for judgment on the pleadings; SORB, in turn, asks that its classification be upheld and that the plaintiffs motion be denied.
For the following reasons, the plaintiffs motion is ALLOWED, and judgment shall enter forthwith for the plaintiff.
BACKGROUND
A. The Underlying Offense
At the heart of this case is a consensual summer affair between a troubled young adult and a teenage girl below the legal age of consent. The plaintiff and the victim met on the ferry to Nantucket in May 2012. The plaintiff was on his way to spend time with his biological father whom he had recently met for the first time. Upon arrival in Nantucket, the plaintiff discovered his father to be a nasty, emotionally-disturbed man who liberally abused both drugs and alcohol. As life would have it, the plaintiffs father and the victim’s father were friends.
The plaintiff and the victim developed a friendship over their common emotional experiences and issues with their respective “fathers.” According to the victim, she and the plaintiff “hit it off’ when they started talking. The plaintiff was 20 years old at the time, and the victim was 13. The victim told the plaintiff her age.
Two months later, despite knowing her age, the plaintiff began a sexual relationship with the young woman. They engaged in sexual intercourse and other sexual acts on several occasions over the course of two summer months. The victim’s mother reported the inappropriate relationship on September 17, 2012.
On September 24, 2013, the plaintiff pled guilty to statutory rape in the Nantucket Superior Court and was sentenced to concurrent sentences of two and one-half years in the House of Correction, with eighteen months to serve, and the balance suspended. He was also sentenced to three years of probation supervision after his release from incarceration.
B. The SORB Proceedings
On August 12, 2014, the SORB hearing examiner issued a decision that classified the plaintiff as a Level 2 sex offender and required that he register as a sex offender.[2] The hearing examiner found that the following seven (7) statutory and regulatory factors supported the conclusion that he warranted a Level 2 designation under G.L.c. 6, §178K(2)(b):
1. the plaintiff was convicted of five counts of rape of a child, which constitutes repetitive and compulsive behavior;
2. the plaintiff was an adult offender and the victim was a child;
3. the victim was an extra-familial victim;
4. the plaintiff remained incarcerated at the time of his classification hearing and thus had not yet spent sufficient time in the community;
5. the plaintiff had vaginal-penile as well as oral-penile penetration with the victim;
6. the plaintiff was convicted on five counts of rape of a child;
7. the plaintiff had a history of substance abuse and underwent substance abuse counseling while incarcerated.
The hearing examiner found the following factors favorable to the plaintiff:
1. the plaintiff is on probation for three years following his release from incarceration and thus, will be supervised;
2. the plaintiff was convicted of offending against just one victim;
3. the plaintiff has support from family and friends.
DISCUSSION
A. Standard of Review
The court will uphold the SORB’s decision unless it is based on an error of law, unsupported by substantial evidence, unwarranted by facts found on the record as submitted, arbitrary and capricious, an *526 abuse of discretion, or otherwise not in accordance with law. G.L.c. 30A, §14(7).
This court’s decision, in turn, rests on whether the hearing examiner properly considered the statutory factors in G.L.c. 6, §178K. “Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion.” Cobble v. Comm’r of the Dep’t of Soc. Servs., 430 Mass. 385, 390 (1999); G.L.c. 30A, §1(6). In considering whether the decision is supported by substantial evidence, this court must consider whether “the cumulative weight of the evidence tends substantially toward opposite inferences.” Id. at 391. At the same time, this court must “accord due weight to the ‘experience, technical competence, and specialized knowledge’ ” of an administrative agency. Martorano v. Dep't of Pub. Utils., 401 Mass. 257, 261 (1987); G.L.c. 30A, §14(7).
The plaintiff bears the burden of showing that the order appealed from is unsupported by substantial evidence. Boston Gas Co. v. Dep’t of Telecomm’ns & Energy, 436 Mass. 233, 237 (2002). If this court determines that the substantial rights of any parly may have been prejudiced because the agency decision was unsupported by substantial evidence, it “may remand, set aside, or modify” the order. Id. at 242, citing Fitchburg Gas & Elec. Light Co. v. Dep’t of Pub. Utils., 371 Mass. 881, 887 n.10 (1977).
B. The Hearing Examiner’s Decision Was Not Based on Substantial Evidence
Review of the hearing examiner’s findings demonstrates that her decision was not based on substantial evidence. Given the number of mitigating factors militating a finding of a Level 1 designation, the usual deference accorded by this court to the SORB’s findings must yield to the unusual, specific facts of this particular case. Indeed, the cumulative weight of the evidence tends substantially toward the conclusion that the plaintiff poses a low risk of re-offending.
The plaintiffs relationship with the victim was undoubtedly inappropriate and illegal, especially where he knew the victim’s young age and chose to disregard it. However, the hearing examiner did not properly consider the overwhelming number of mitigating factors that demonstrate the plaintiff poses a low risk of re-offending. She should have considered and placed more weight on the following factors:
the plaintiffs young age of 20 at the time of the offense;
he has no criminal history;
he has committed no prior sex offenses;
there is no evidence that he has a mental abnormality;
he exhibited exemplary behavior during incarceration;
he has expressed remorse for his behavior; and
he will serve a period of three years’ probation after his release from incarceration.
Further, while the plaintiff and the victim engaged in sexual intercourse on many occasions, the relationship lasted only for two summer months. The plaintiff was convicted of offending just one victim over a brief period of time. No violence (except, of course, the vaginal penetration) occurred; and no threats or weapons were employed. The relationship was voluntary and consensual for both lonely individuals, even though the victim was under the age of consent. On the basis of these factors, there is simply not substantial evidence to find that the plaintiff poses a moderate risk to reoffend.
The hearing examiner placed significant weight on the plaintiffs unproven community sobriety. She noted that because the plaintiff is-presently incarcerated, his ability to remain sober is speculative. While the plaintiff must, indeed, prove that he can be a sober member of society, he will be closely monitored for three years after his release from incarceration. He will have to strictly comply with the terms of his probation, including society.
C. The Uncontradicted Opinion of Dr. Quinones
Moreover, the hearing examiner’s decision was contrary to the uncontradicted expert opinion of Dr. Barbara Quinones. Expert evidence is not required in every determination of level of risk by the SORB, and even where evidence is presented, the hearing examiner need not accept it. Doe No. 1211 v. Sex Offender Registry Bd., 447 Mass. 750, 762 (2006). Indeed, there is no doubt that SORB need not provide expert testimony to support its classification or to rebut the testimony offered by the offender’s expert. Doe 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 784-85 (2006).
However, “where, as here, there is uncontradicted [evidence] concerning a subject which is beyond the common knowledge and experience of the finder of fact, that [evidence] may not be rejected without a basis for such rejection in the record.” Robinson v. Contributory Ret. Appeal Bd., 20 Mass.App.Ct. 634, 639 (1985). Thus, where the offender presents expert evidence that shows the offender poses a low risk of re-offending, some expert evidence to the contrary is necessary before the hearing officer can disregard that evidence. Doe v. Sex Offender Registry Bd., 2005 Mass.Super. LEXIS 453, *940 (2005) (Henry, J.) [20 Conn. L. Rptr. 55].
In this case, the plaintiff introduced the testimony and lengthy and detailed written assessment of Dr. Quinones. In concluding that the plaintiff poses a low risk to re-offend, Dr. Quinones relied upon, inter alia:
the plaintiff has no history of delinquent behavior;
he has no history of problems at home or in the community;
*527 he has no anger management or non-sexual violence issues;
the circumstances surrounding the offense:
there was no physical harm to the victim; and
it happened during ah emotionally-charged time for the plaintiff after meeting his cruel, abusive and drug-addicted biological “father.”
Unlike other cases involving an underage adolescent, the plaintiff and the victim had a consensual relationship. As to the repetitive and compulsive factor relied upon by the hearing examiner, Dr. Quinones testified that this factor is only relevant where a person offends again after being sanctioned. That there was more than one sexual encounter during the two-month period does not indicate that the plaintiff is at a greater risk of re-offending.
The hearing examiner decided to afford the mitigating factors “less weight than Dr. Quinones” because “it is yet unknown whether [the offender] will live up to his good intentions.” This is not an adequate basis to reject Dr. Quinones’s uncontradicted expert opinion, especially in the absence of substantial evidence that would otherwise support the plaintiffs classification as a Level 2 sex offender. Accordingly, the decision of the hearing examiner is unsupported by substantial evidence and cannot stand.
ORDER
For these reasons, the plaintiffs motion for judgment on the pleadings is ALLOWED. Judgment shall enter forthwith for the plaintiff, reversing the SORB decision requiring him to register as a Level 2 sex offender; instead, the plaintiff shall be required to register as Level 1 sex offender.

 A pseudonym has been previously ordered to protect the identity of the plaintiff.

 SORB initially classified the plaintiff as a Level 3 sex offender in December 2013. The hearing examiner reduced this classification to Level 2.